UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20372-BLOOM/Otazo-Reyes

SEABOARD MARINE LTD.,

    Plaintiff,

v.

AMERICAN CLOTHING EXCHANGE, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff Seaboard Marine Ltd.'s ("Seaboard") Motion for Summary Judgment, ECF No. [20], filed on August 22, 2023. Defendant American Clothing Exchange, Inc. ("ACE") filed a Response in Opposition, ECF No. [23], to which Plaintiff filed a Reply, ECF No. [27]. The Court has reviewed the Motion, all opposing and supporting submissions,[1] the record in this case, the applicable laws, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On January 30, 2023, Plaintiff filed its Complaint against Defendant, alleging a single count for breach of contract. ECF No. [1]. Specifically, Plaintiff alleges that, pursuant to its Bill of Lading, it shipped Defendant's goods to foreign ports during March 23, 2022 through April 21, 2022. *Id.* ¶¶ 15-24. The Complaint alleges that Plaintiff "substantially satisfied all conditions and

---

[1] Plaintiff filed a Statement of Material Facts ("SMF") in support of its Motion for Summary Judgment, ECF No. [19], to which Defendant filed a Response in Opposition ("RSMF"), ECF No. [25]. Defendant additionally filed exhibits in support of its Opposition to Plaintiff's Motion for Summary Judgment, ECF Nos. [24], [24-1]-[24-3].

Case No. 23-cv-20372-BLOOM/Otazo-Reyes

promises required on its part to be performed in accordance with the terms and conditions of [Plaintiff's] Bill of Lading", that Defendant breached the Service Contract and incorporated Bill of Lading terms "by failing and refusing to pay [Plaintiff] for its ocean transportation services" and that as a direct result, Plaintiff suffered damages in the amount of $87,500.00 in addition to interest, attorneys' fees, and costs. *Id*. ¶¶ 28-30.

Plaintiff now contends "that it is entitled to summary judgment as there is no material fact in dispute and the explicit and unambiguous terms and conditions of the SEABOARD bill of lading govern the relationship between the parties" and "it is unquestionable that the SEABOARD bill of lading and Service Contract 2021-00814 permits the recovery of unpaid freight and other shipping charges from ACE." ECF No. [20] at 2-3. Defendant responds that "there is a genuine issue of fact for trial—whether there was a meeting of the minds as to the applicable contract terms applicable to this Defendant and what those terms are." ECF No. [23] at 4.

## II. MATERIAL FACTS

Unless otherwise stated, the facts below are not in dispute.

Plaintiff and Defendant entered into Service Contract 2021-00814 (the "Service Contract"). SMF ¶ 3. The Service Contract states "[t]he entity signing this Contract hereby guarantees full payment of all freight and charges for all shipments under this Contract made by it and/or its affiliates named herein." *Id*. ¶ 14.

Defendant was designated as the "Shipper" for shipments of "used clothing" pursuant to the Service Contract and Bills of Lading Nos. SMLU 7057054A, SMLU7050125A, SMLU7067282A, SMLU7062038A, SMLU7074255A, SMLU7084179A, SMLU7091888A, SMLU7085885A, SMLU7100700A, and SMLU7095968A (collectively, "Bills of Lading"). *Id*. ¶¶ 1, 7-8. Plaintiff contends that the Bills of Lading were subject to terms and conditions which

"have been available during the subject period." *Id*. ¶ 2 n.1. Defendant disputes that it is bound by the Bills of Lading's Terms and Conditions and states that it "never received nor agreed to the alleged Bill of Lading Terms and Conditions." RSMF ¶ 2. It is undisputed that the amount of $87,500.00 is owed for shipments made by Defendant using Plaintiff's services; Defendant merely insists that it is not the party responsible for those charges. SMF ¶ 11; RSMF ¶ 11.

### III. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties may support their positions by citations to materials in the record, including depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)).

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations[.]'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019); *see also Crocker v. Beatty,* 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-moving party's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant." (citation omitted)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference

3

introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990) (citation omitted).

## IV. DISCUSSION

As stated above, Plaintiff argues that the undisputed facts establish that Defendant breached the Bills of Lading and Service Contract, and Plaintiff is entitled to recover damages. *See generally* ECF No. [20]. Defendant responds that there is a genuine dispute regarding the applicable contract terms, and Plaintiff's Motion should be denied. *See generally* ECF No. [23].

### A. Contract's Terms

The parties agree that § 11 of the Service Contract specifies that "[t]his Contract shall be interpreted in accordance with and governed by the laws of the State of Florida and federal general maritime law as appropriate." SMF ¶ 12.

Under Florida law, an "adequately pled breach of contract action requires three elements: (1) a valid contract; (2) a material breach; and (3) damages." *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008); *Grove Isle Ass'n, Inc. v. Grove Isle Assocs., LLLP*, 137 So. 3d 1081, 1094-95 (Fla. 3d DCA 2014); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006) ("The elements of an action for breach of contract are: (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach."). "A 'material breach' of a contract is a failure, without legal excuse, to perform any promise or obligation or that goes 'to the essence of the contract.'" *Oriole Gardens Condos., III v. Indep. Cas. & Sur. Co.*, No. 11-60294-CIV, 2012 WL 718803, at *11 (S.D. Fla. Mar. 6, 2012) (quoting *Covelli Family, LP v. ABG5, LLC*, 977 So. 2d 749, 752 (Fla. 4th DCA 2008); *Beefy Trail, Inc. v. Beefy King Int'l, Inc.*, 267 So. 2d 853, 857 (Fla. 4th DCA 1972)). Further, a party injured by a breach of contract is entitled to recover those damages that "naturally flow from the breach and can reasonably be said to have

been contemplated by the parties at the time the contract was entered." *Mnemonics, Inc. v. Max Davis Assocs., Inc.*, 808 So. 2d 1278, 1280 (Fla. 5th DCA 2002).

The parties do not dispute that Plaintiff and Defendant entered into a Service Contract. *See* SMF ¶ 3; RSMF ¶ 3. The Service Contract states that "[t]he term of this Service Contract or Amendment shall commence on June 4, 2021 or the date of filing with the [Federal Maritime Commission], whichever is the later, and shall expire on May 31, 2022 unless amended by the contracting parties." ECF No. [19-3] § 2. The dates covered by the Service Contract encompass the period of March 23, 2022 until April 21, 2022, during which Plaintiff shipped Defendant's goods.

### B. Defendant Breached the Contract

The Service Contract contains the following provision: "[t]he entity signing this Contract hereby guarantees full payment of all freight and charges for all shipments under this Contract made by it and/or its affiliates named herein." *Id*. § 6.4. Also included in the Service Contract is specific language stating: "[a]ll shipments hereunder shall be subject to the terms and conditions of SML's bill of lading, which is incorporated herein by reference and made a part of this Contract. In the event of a conflict among or between the terms of this contract, the Governing Tariffs and/or the bill of lading, the bill of lading terms shall prevail over the Contract terms and over the tariff terms . . ." *Id*. § 9.2. The Service Contract is signed by Richard Spohn and Stuart Tromberg ("Tromberg"), the President of ACE. *Id*. at 1.

Defendant filed a Declaration by Tromberg in support of its Response in Opposition to Plaintiff's Motion for Summary Judgment. ECF No. [24-1]. In his Declaration, Tromberg states that "SEABOARD always collected payment from WWC, as the Consignee, pursuant to the express terms of SEABOARD's Bill of Lading 'payment for charges, including freight are to be collected at destination.'" *Id*. ¶ 4. Tromberg further declares that "[o]ver the years SEABOARD's

representative, Ramon (Ray) Garcia, would reach out to me to renew our annual contract, and would say 'sign this signature page, and email back to me' which I happily complied with." *Id*. ¶ 8. Tromberg does not however dispute that he signed the Service Contract.

Plaintiff argues that this defense is analogous to the one raised in *Greene v. Terminix Int'l Co.*, No. 22-CV-20199, 2022 WL 2158713 (S.D. Fla. June 15, 2022), which this Court found unpersuasive. In *Greene*, the Court considered a Motion to Compel Arbitration, and the defendant argued that arbitration was mandated by the terms of the contract between the parties. *Id*. at *3-4. The plaintiff "[did] not dispute that he signed the contract which references mandatory arbitration" but "suggest[ed] that the evidence establishes that *he* made an offer to [defendant], which [defendant] accepted, and therefore that [defendant] should be precluded from varying its terms." *Id*. at *4. The plaintiff also argued "that he did not receive the 'Terms and Conditions' containing the arbitration provision." *Id*. This Court determined that because the defendant did not dispute signing the contract, acknowledged that mandatory arbitration was set forth in the contract, and was on at least inquiry notice of the arbitration provision given the terms of the contract, the arbitration provision was enforceable. *Id*. The Court explained that applying Florida law,

> "one who signs a contract is generally bound by the contract." *Kendall Imports, LLC v. Diaz*, 215 So. 3d 95, 100 (Fla. 3d DCA 2017). "Unless one can show facts and circumstances to demonstrate that he was prevented from reading the contract, or that he was induced by statements of the other party to refrain from reading the contract, it is binding." *Id*. (citing *Spring Lake NC, LLC. v. Holloway*, 110 So. 3d 916, 917 (Fla. 2d DCA 2013)).

*Id*. Here, Defendant does not dispute that it entered into the Service Contract and that it contained a specific guarantee of payment. SMF ¶¶ 3, 14; RSMF ¶¶ 3, 14; *see also* ECF No. [24-1] ¶8. Defendant also does not provide any evidence or argument to suggest that it was prevented from reading or induced not to read the Service Contract. The Court therefore finds that the contract is unambiguous and binding on the parties.

Case No. 23-cv-20372-BLOOM/Otazo-Reyes

Defendant argues that there is a material dispute of fact because § 9.2 of the Service Contract instructs that the Bills of Ladings' terms prevail over the contract terms. ECF No. [23] at 2-3. Defendant correctly points out that the Bills of Lading specify that the "charges and freight payable at: DESTINATION BY WORLDWIDE CLOTHING SAS." *See* ECF No. [19-1]. Defendant argues that this discrepancy between the Service Contract and Bills of Lading demonstrates that there was no clear meeting of the minds that Defendant would be liable for the fees owed for the shipments governed by the relevant Bills of Lading. ECF No. [23] at 3 n. 4. Plaintiff responds in its Reply that "[a]s evidenced by the signed Service Contract, there is no genuine issue of material fact." ECF No. [27] at 4.

The terms of the Service Contract are clear. Those terms specify that "[t]he entity signing this Contract hereby guarantees full payment of all freight and charges for all shipments under this Contract made by it and/or its affiliates named herein." ECF No. [19-3] § 6.4. It is undisputed that Defendant signed the Service Contract. As such, Defendant is the signing entity which guaranteed full payment for freight and charges under the Service Contract. Although the Bills of Lading indicate that the charges are payable at the destination by Worldwide Clothing SAS, the Bills of Lading do not directly contradict the Service Contract's provision that Defendant "guarantees full payment of all freight and charges for all shipments under th[e] Contract" *See* ECF No. [19-3] § 6.4. There is therefore no dispute of material fact that a valid contract exists and Defendant's non-payment resulted in a breach of that contract.

### C. Plaintiff's Damages are Undisputed

It is undisputed that the amount of $87,500.00 is owed for shipments of Defendant's goods made by Plaintiff; Defendant merely insists that it is not the party responsible for those charges. SMF ¶ 11; RSMF ¶ 11. The Court has already determined the Service Contract requires Defendant to guarantee payment of all charges for shipments under the Service Contract and that the relevant

shipments for which Plaintiff seeks $87,500.00 were made during the term of the Service Contract. Plaintiff has therefore established that there is no dispute of material fact that the Service Contract was breached when Defendant failed to make payment for the outstanding charges. Plaintiff argues that the guarantee articulated in the Service Contract should be enforced as a matter of law and the Court agrees.

Because Plaintiff has established the existence of a contract, and a material breach, which caused damages, it has established that it is entitled to summary judgment. However, the Court does not reach the issues of Plaintiff's entitlement to prejudgment interest, attorneys' fees, and costs as those matters are not properly raised within Plaintiff's Motion. As such, the Court will consider entitlement to prejudgment interest, attorneys' fees, and costs upon receipt of timely filed motions that comply with all relevant rules.

## V. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Judgment, **ECF No. [20]**, is **GRANTED**. Final Judgment shall be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 29, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record